FILED

DAVID G. FREEDMAN (CA SBN 81989)
Attorney at Law
1800 Century Park East, 8th Fl.
Los Angeles, California 90067
Telephone:  (310) 553-2121
Facsimile:  (310) 553-2111
Email:  dgf@dfreedman.net

Attorney for Defendant
MORTON D. KURZROK

2009 MAY -4  PM 2: 56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV09-3099 RGK (CTx)

DICHTER-MAD FAMILY PARTNERS, LLP,

Plaintiff,

v.

MORTON D. KURZROK an individual, and DOES 1 to 1000,

Defendants.

CASE NO.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441

TO:  The Clerk of the United States District Court for the Central District of California:

Defendant Morton D. Kurzrok ("defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332(a) (1) and 1441(a) to remove the state court action described below on the following grounds:

1.   On March 24, 2009, plaintiff Dichter-Mad Family Partners, LLP commenced an action in the Superior Court of California, County of Los Angeles, as Case No. SC102313, entitled *Dichter-Mad Family Partners, LLP v. Morton D. Kurzrok et al.* A copy of plaintiff's complaint and the summons in the action is attached hereto as Exhibit A.

2.   Defendant was served with the summons and complaint on April 27, 2009.

3.   On April 28, 2009, defendant filed an answer to plaintiff's complaint. A copy of the answer is attached hereto as Exhibit B.

4.   Plaintiff was at the time of filing this action and still is a limited liability partnership organized under the laws of the State of California with its principal place of doing business in the State of California.

5.   Defendant was at the time of filing this action and still is residing and domiciled in the State of Florida and is a citizen of the State of Florida.

6.   The other defendants named in this action are merely fictitious parties identified as Does 1 through 1000 whose citizenship shall be disregarded for the purposes of this removal, pursuant to 28 U.S.C. section 1441(a). Defendant is not aware of any Doe defendant having been served in the action.

7.   Defendant is informed and believes that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

8.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332 and is one that may be removed to this Court by defendant under 28 U.S.C. section 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Dated: April 30, 2009

David G. Freedman
Attorney for Defendant
MORTON D. KURZROK

EXHIBIT A

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Morton D. Kurzrok, an individual, and Does 1 - 1000

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 2 4 2009

John A. Clarke, Executive Officer/Clerk

By   A. WILLIAMS
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
Dichter-Mad Family Partners, LLP

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,*
*(www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Los Angeles Superior Court, West District
1725 Main Street
Santa Monica, CA 90401

| CASE NUMBER: *(Número del Caso)* | SC102313 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE:
*(Fecha)*   MAR 2 4 2009   JOHN A. CLARKE   Clerk, by   A. William   , Deputy
*(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

PLD-PI-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br><br>Philip J. Dichter, Esq., State Bar No 065636<br>20848 Pacific Coast Highway<br>Malibu, CA 90265<br>TELEPHONE NO: 310-456-5679   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: pjd90265@aol.com<br>ATTORNEY FOR *(Name)*: Plaintiff | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAR 2 4 2009<br><br>John A. Clarke, Executive Officer/Clerk<br>By   A. WILLIAMS<br>                              DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 1725 Main St
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: West District

INITIAL CASE MANAGEMENT REVIEW
AND CONFERENCE

PLAINTIFF: Dichter-Mad Family Partners, LLP

JUL 1 3 2009

DEFENDANT: Morton D. Kurzrok, an individual, and

John H. Reid

[✓] DOES 1 TO  1000

Dept. F
8:30 am

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED *(Number)*:
Type *(check all that apply)*:
[ ] MOTOR VEHICLE    [✓] OTHER *(specify)*:
[ ] Property Damage    [ ] Wrongful Death
[ ] Personal Injury    [✓] Other Damages *(specify)*: Fraud, Neg Misr

Jurisdiction *(check all that apply)*:
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded    [ ] does not exceed $10,000
                       [ ] exceeds $10,000, but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:

SC102313

1. Plaintiff *(name or names)*: Dichter-Mad Family Partners, LLP
   alleges causes of action against defendant *(name or names)*:
   Morton D. Kurzrok, an individual, and Does 1 - 1000

2. This pleading, including attachments and exhibits, consists of the following number of pages: 10

3. Each plaintiff named above is a competent adult
   a. [✓] except plaintiff *(name)*: Dichter-Mad Family Partners, LLP
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor    [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify)*:
      (5) [✓] other *(specify)*: a Limited Liability Partnership
   b. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor    [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dichter-Mad v Kurzrok | |

4. ☐ Plaintiff (name):

is doing business under the fictitious name (specify):

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ except defendant (name): Cohmad Securities Corp. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown     (1) ☐ a business organization, form unknown
      (2) ☑ a corporation                        (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):     (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):           (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                  (5) ☐ other (specify):

   b. ☐ except defendant (name):         d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown     (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                        (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):     (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):           (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                  (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants (specify Doe numbers): 1 - 500 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants (specify Doe numbers): 501 - 1000 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☑ other (specify): The complained upon acts occurred in this jurisdiction. Defendant does business within this jurisdiction.

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dichter-Mad v Kurzrok | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. [ ] Motor Vehicle
   b. [ ] General Negligence
   c. [✓] Intentional Tort
   d. [ ] Products Liability
   e. [ ] Premises Liability
   f. [✓] Other *(specify)*:
      **Negligent Misrepresentation**

11. Plaintiff has suffered
   a. [ ] wage loss
   b. [✓] loss of use of property
   c. [ ] hospital and medical expenses
   d. [✓] general damage
   e. [ ] property damage
   f. [✓] loss of earning capacity
   g. [ ] other damage *(specify)*:

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. [ ] listed in Attachment 12.
   b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) [✓] compensatory damages
      (2) [✓] punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) [✓] according to proof
      (2) [ ] in the amount of: $

15. [ ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date:

Philip J Dichter, Attorney for Plaintiff
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

| SHORT TITLE: | CASE NUMBER: | PLD-C-001(3) |
|---|---|---|
| Dichter-Mad v. Kurzrok | | |

## CAUSE OF ACTION—Fraud
(number)

ATTACHMENT TO [✓] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR- 1. Plaintiff *(name)*: Dichter-Mad Family Partners, LLP

alleges that defendant *(name)*: Morton D. Kurzrok, an individual, and Does 1 - 1000

on or about *(date)*: September, 2006    defrauded plaintiff as follows:

FR-2. [✓] **Intentional or Negligent Misrepresentation**
a. Defendant made representations of material fact   [✓] as stated in Attachment FR-2.a   [ ] as follows:

b. These representations were in fact false. The truth was   [✓] as stated in Attachment FR-2.b   [ ] as follows:

c. When defendant made the representations,
[ ] defendant knew they were false, or
[✓] defendant had no reasonable ground for believing the representations were true.

d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [✓] **Concealment**
a. Defendant concealed or suppressed material facts   [✓] as stated in Attachment FR-3.a   [ ] as follows:

b. Defendant concealed or suppressed material facts
[ ] defendant was bound to disclose.
[✓] by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.
c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

Page [          ]

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]

CAUSE OF ACTION—Fraud

Page 1 of 2
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dichter-Mad v. Kurzrok | |

## CAUSE OF ACTION—Fraud

(number)

FR-4. ☑ Promise Without Intent to Perform

   a. Defendant made a promise about a material matter without any intention of performing it ☑ as stated in Attachment FR-4.a ☐ as follows:

   b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act ☐ as stated in Attachment FR-5
   ☑ as follows:

Plaintiff formed its limited liability partnership, incurring attorney's, financial advisors' and accountant's costs; invested the funds which are the subject of this litigation; and did not withdraw the funds when the stock market downturned in September/October 2008.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged ☐ as stated in Attachment FR-6 ☑ as follows:

Plaintiff's investment is gone, along with the "phantom profits" allegedly earned thereon.

FR - 7. Other:

Page

Attachment FR-2.a

Defendants made the following representations of material fact during the following course of events:

In or about September 2006, Philip Dichter, individually, and on behalf of family and friends, was looking to invest with a "respected" money manager. Mr. Dichter had friends and business associates who were invested with Bernard L Madoff Investment Securities LLP ("BMIS").

Through an associate, Mr. Dichter was given the name of the name of Defendant, Morton D. Kurzrok ("Kurzrok"), to contact regarding BMIS. Mr. Dichter first spoke with defendant Kurzrok, in September 2006. Mr. Dichter expressed interest in investing with BMIS.

During that initial phone conversation, defendant Kurzrok identified himself as a representative of Cohmad Securities Corporation, located at 885 Third Ave., New York, New York 10022. Mr. Dichter inquired as to the trading strategy of BMIS. Generally, said defendant represented, BMIS used investor money to purchase stocks, options and treasury bills.

Defendant Kurzrok also represented that he was personally an individual investor in BMIS, with funds invested totaling several million dollars.

Said Defendant then advised that, "unfortunately", BMIS was not taking any new investors at that time. Said defendant indicated that he would talk to Bernard Madoff and attempt to convince Mr. Madoff to accept an investment from Mr. Dichter. Said Defendant "doubted" that Mr. Madoff would accept Mr. Dichter's investment, but said Defendant further indicated he was hoping a rare exception might be made, due to the close relationship that Mr. Dichter had with other BMIS investors.

Subsequently, and with a few days, Defendant Kurzrok contacted Mr. Dichter by telephone and indicated that he felt that he would be successful in opening an account for Mr. Dichter. Defendant Kurzrok advised that a minimum of $2,000,000 was required to open an account. Mr. Dichter advised that he was not in a position to invest $2,000,000 and inquired if two or more individuals or entities could form a partnership, thus enabling them to meet the minimum. Defendant Kurzrok indicated that that would be acceptable.

Defendant Kurzrok further advised that should Mr. Dichter and his associates actually open an account, the "account would be at Bernard Madoff Investments", which said defendant indicated was at the same address as Defendant Cohmad Securities Corporation.

On October 16, 2006, Defendant Kurzrok wrote to Mr. Dichter advising that he had obtained approval to open an account for Mr. Dichter and his associates.

In or about December 2006, DICHTER-MAD FAMILY PARTNERS, LLP ("DICHTER-MAD"), was formed for the specific purpose of investing with Bernard L Madoff Investment Securities LLP. There were three partners in DICHTER-MAD: (1) Philip Dichter, (2) Claudia Gvirtzman Dichter, and (3) ROWARS-MAD FAMILY PARTNERS, LLP, a Florida Limited Liability Partnership ("ROWARS-MAD").

On or about December 8, 2006, DICHTER-MAD, at the specific request of defendants, executed and delivered the following documents to BMIS:

      1. Customer Agreement
      2. Trading Authorization Limited to Purchases and Sales of Securities and Options
      3. Partnership Account Agreement
      4. Option Agreement

On or about December 14 and 15, 2006, DICHTER-MAD funded its initial investment in BMIS and thereafter further significant additions were made to the original investment.

In September and October, 2008, with the downturn in the market worsening, defendant Kurzrok assured that he was not withdrawing any of his own personal funds from BMIS despite the significant downturn, that BMIS was still profitable and up for the year, that BMIS was "out of the market" and that the DICHTER-MAD invested funds were safely invested in Treasuries.

Attachment FR-2.b

These representations contained in Attachment FR-2.a were in fact false. The truth was:

BMIS did not use Plaintiff's money to purchase stocks, options and treasury bills.

Defendant Kurzrok was not personally an individual investor in BMIS, with funds invested totaling several million dollars.

BMIS was taking new investors at that time.

Defendant Kurzrok did not have to talk to Bernard Madoff and did not have to attempt to convince Mr. Madoff to accept an investment from Mr. Dichter.

Defendant Kurzrok did not "doubt" that Mr. Madoff would accept Mr. Dichter's investment

Defendant Kurzrok did not have to hope a rare exception might be made, due to the close relationship that Mr. Dichter had with other BMIS investors.

A minimum of $2,000,000 was not required to open an account.

It was not necessary for Mr. Dichter to arrange for two or more individuals or entities to form a partnership, thus enabling them to meet the minimum.

Defendant Kurzrok further advised that should Mr. Dichter and his associates actually open an account, the "account would be at Bernard Madoff Investments", which said defendant indicated was at the same address as Defendant Cohmad Securities Corporation.

Defendant Kurzrok had no funds with BMIS, so he had no personal funds to withdraw from BMIS despite the significant downturn

BMIS was not profitable and up for the year

BMIS was not "out of the market"

The DICHTER-MAD invested funds were not safely invested in Treasuries.

Attachment FR-3.a

Defendants, and each of them, concealed an/or suppressed the following material facts:

BMIS would not use Plaintiff's money to purchase stocks, options and treasury bills.

Defendant Kurzrok was not personally an individual investor in BMIS, with funds invested totaling several million dollars.

BMIS was taking new investors at that time, and at any time, since the essence of the scene was to keep new funds always coming in.

Defendant Kurzrok did not have to talk to Bernard Madoff and did not have to attempt to convince Mr. Madoff to accept an investment from Mr. Dichter.

Defendant Kurzrok had no "doubt" that Mr. Madoff would accept Mr. Dichter's investment

Defendant Kurzrok knew no rare exception needed to be made for DICHTER-MAD to invest.

A minimum of $2,000,000 was not required to open an account.

It was not necessary for Mr. Dichter to arrange for two or more individuals or entities to form a partnership, "to meet the minimum".

Defendant Kurzrok had no funds with BMIS, so he had no personal funds to not withdraw from BMIS, despite the significant downturn

BMIS was not profitable and up for the year

BMIS was not "out of the market"

The DICHTER-MAD invested funds were not safely invested in Treasuries.

Attachment FR-4.a

Defendants, and each of them, made promises about material matters without any intention of performing them as follows

Promised that BMIS would use Plaintiff's money to purchase stocks, options and treasury bills.

Promised that Defendant Kurzrok was personally an individual investor in BMIS, with funds invested totaling several million dollars.

Promised that BMIS was not taking new investors at that time.

Promised that Defendant Kurzrok would to talk to Bernard Madoff and attempt to convince Mr. Madoff to accept an investment from Mr. Dichter.

Promised that Defendant Kurzrok would seek a rare exception needed for DICHTER-MAD to invest.

Promised that a minimum of $2,000,000 was required to open an account.

Promised that it was necessary for Mr. Dichter to arrange for two or more individuals or entities to form a partnership, "to meet the minimum".

Promised that Defendant Kurzrok had funds with BMIS, but was not withdrawing them from BMIS, despite the significant downturn

Promised that BMIS was profitable and up for the year

Promised that BMIS was "out of the market"

Promised that the DICHTER-MAD invested funds were safely invested in Treasuries.

EXHIBIT B

1  DAVID G. FREEDMAN (State Bar No. 81989)
   Attorney at Law
2  1800 Century Park East, 8ᵗʰ Fl.
   Los Angeles, California 90067
3  Telephone:    (310) 553-2121
   Facsimile:    (310) 553-2111
4

5  Attorney for Defendant
   MORTON D. KURZROK
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11 DICHTER-MAD FAMILY PARTNERS, LLP,        CASE NO. SC102313

12              Plaintiff,                    **DEFENDANT MORTON D. KURZROK'S
                                              ANSWER TO COMPLAINT**
13 v.

14 MORTON D. KURZROK, an individual, and
   DOES 1 to 1000,
15
                Defendants.
16

17        Defendant Morton D. Kurzrok answers plaintiff's complaint as follows:

18        1.    Pursuant to Code of Civil Procedure section 431.30 (d), defendant denies generally

19 and specifically each and every allegation contained in the complaint, and further denies that

20 plaintiff has suffered any harm or damages, in any sum or sums, or at all.

21                          FIRST AFFIRMATIVE DEFENSE

22        2.    Plaintiff's complaint fails to allege facts sufficient to state a claim.

23                         SECOND AFFIRMATIVE DEFENSE

24        3.    The court lacks personal jurisdiction over defendant.

25                          THIRD AFFIRMATIVE DEFENSE

26        4.    Plaintiff has failed to mitigate its alleged damages.

27

28

                                               1
                DEFENDANT MORTON D. KURZROK'S ANSWER TO COMPLAINT

FOURTH AFFIRMATIVE DEFENSE

5.      Defendant's alleged acts, to the extent they occurred, were not the proximate cause of any damages allegedly suffered by plaintiff, and plaintiff's damages, if any, are instead attributable to the acts or omissions of plaintiff or others over whom defendant had no authority or control.

WHEREFORE, defendant prays for judgment as follows:

1.      That plaintiff take nothing by its complaint;

2.      For costs of suit;

3.      For attorneys' fees; and

4.      For such other and further relief as is just and proper.

Dated: April 28, 2009

David G. Freedman
Attorney for Defendant
MORTON D. KURZROK

2

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.   I am over the age of 18 years and not a party to the within action. My business address is 1800 Century Park East, 8th Floor, Los Angeles, California 90067.

On April 28, 2009, I served the foregoing document described as **DEFENDANT MORTON D. KURZROK'S ANSWER TO COMPLAINT** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

Philip J. Dichter
20848 Pacific Coast Highway
Malibu CA 90265

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 1800 Century Park East, 8th Floor, Los Angeles, California 90067. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE MACHINE:** I transmitted a copy of the original document to the listed facsimile numbers.

☐    **BY OVERNIGHT MAIL:** I deposited such documents at the Federal Express Drop Box located at 1800 Century Park East, 8th Floor, Los Angeles, California 90067. The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the listed addressee(s).

☒    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on April 28, 2009, at Los Angeles, California.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

$$CV09- 3099 \ RGK \ (CTx)$$

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

DICHTER-MAD FAMILY PARTNERS LLP

**DEFENDANTS**

MORTON D. KURZROK

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Philip J. Dichter
20848 Pacific Coast Highway
Malibu CA 90265

Attorneys (If Known)

David G. Freedman
1800 Century Park East, 8th Fl.
Los Angeles CA 90067
310 553 2121

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. section 1332(a) (1)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs. | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV09-3099

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐Yes
If yes, list case number(s): _____

Civil cases are deemed **related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California, or Foreign Country |
|---|---|
| | Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note: In land condemnation cases, use the location of the tract of land involved.**

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date April 30, 2009

   **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                    CIVIL COVER SHEET